UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JULIA ANN HAYDEN, | ) CASE NO. 15-00332-JMC-13 |
| | ) |
| DEBTOR. | ) |
| | ) |

## TRUSTEE'S OBJECTION TO CONFIRMATION

Comes now Robert A. Brothers, trustee herein, and objects to confirmation of the debtor's plan for the following reason(s): (SEE ATTACHED CODESHEET).

WHEREFORE, after notice and hearing, your trustee requests that confirmation of the above plan be denied.

Respectfully submitted,

Date: March 13, 2015

/s/ Robert A. Brothers_____
Robert A. Brothers, Trustee
151 N. Delaware St., Ste. 1400
Indianapolis, IN 46204
(317) 636-1062
(317) 636-1186 fax

## CERTIFICATE OF SERVICE

I do hereby certify that on March 13, 2015, a copy of the foregoing Trustee's Objection to Confirmation was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. The parties may access this filing through the Court's system.

- US Trustee ustpregion10.in.ecf@usdoj.gov
- Mark S Zuckerberg filings@mszlaw.com

I further certify that on March 13, 2015, a copy of the foregoing Trustee's Objection to Confirmation was mailed by US First-Class mail, postage prepaid and properly addressed to the following:

Julia Ann Hayden
4106 Guilford Avenue
Indianapolis IN 46205

/s/ Robert A. Brothers

TRUSTEE'S OBJECTION TO CONFIRMATION

A. The debtor has failed to timely maintain plan payments to the trustee;

B. The debtor's plan is not feasible; (mortgage claim needed to assess funding needs);

C. The debtor has failed to appear at §341 hearing and submit to examination as required by the U.S. Bankruptcy Code;

D. The debt level in this case exceeds that allowed under 11 U.S.C. §109(e);

E. The case is ineligible to proceed under Chapter 13 due to debtor's lack of regular income;

F. The plan fails to provide all the debtor's projected disposable income as required by §1325(b)(1)(B);

G. The plan fails to meet the "Best Interest of Creditors Test" of §1325(a)(4);

H. The plan fails to liquidate allowable priority claims within the plan life as required by the U.S. Bankruptcy Code, to-wit: IDR;

I. The plan designates a class or classes of unsecured claims but unfairly discriminates against the class(es) so designated, to-wit:

J. The debtor has failed to make current payments on a post-petition support obligation as required by §1307(c)(11) and §1325(a)(8).

K. The plan lacks feasibility due to the debtor's failure to make current payments outside-the-plan to the following secured lenders:

L. The plan has not been proposed in good faith as required by §1325(a)(3), to-wit:

M. The plan fails to treat, or improperly treats, the debtor's student loan payments;

N. The plan proposes to avoid certain judicial liens or junior mortgage liens, but this result must be accomplished by motion practice or adversary proceeding. (Portfolio Recovery judgment);

O. The plan fails to treat the following secured creditors:

P. The debtor has failed to file delinquent federal, state and local tax returns as required by §1308;

Q. The debtor has failed to comply with S.D.Ind. B-4002-1 by not providing the trustee copies of profit and loss statements and tax returns;

R. The debtor has not shown cause to extend plan payments over a period that is longer than three (3) years {see 11 U.S.C. 1322(d)(2)};

S. The plan fails to comply with General Order 03-008 (i.e. Chapter 13 Model Plan format not used).

T. The debtor has failed to provide sufficient information to allow the trustee to provide written notice to the holder of a domestic support obligation as required by §1302(d).

U. Other: Amended Schedule E needed to notice IDR for sales tax and amend Schedule B regarding business assets.

V. Other: 2014 tax return must be provided to Trustee; also, Trustee seeks reporting provision to monitor business income.